## In re WILMINGTON HOSIERY CO.

(District Court, D. Delaware. January 12, 1903.)

### No. 71.

1. BANKRUPTCY—ACT OF BANKRUPTCY—ADMISSION OF INSOLVENCY BY CORPORATION.

Where a bill is filed against an insolvent corporation, alleging its insolvency and praying the appointment of a receiver, and the corporation in its answer admits its insolvency, and a receiver is appointed, the corporation cannot be held thereby to have admitted in writing its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, within the meaning of Bankr. Act 1898, § 3a, cl. 5 [U. S. Comp. St. 1901, p. 3422].

(Syllabus by the Court.)

In Bankruptcy. On motion to dismiss petition in involuntary bankruptcy.

Charles M. Curtis, for petitioning creditors.

Tilghman Johnston and William S. Hilles, for Wilmington Hosiery Co.

BRADFORD, District Judge. This is a motion to dismiss a petition in involuntary bankruptcy filed against the Wilmington Hosiery Company, a corporation of Delaware. Only one alleged act of bankruptcy is set forth. It is as follows:

"That said Wilmington Hosiery Company is insolvent and that within four months next preceding the date of this petition the said Wilmington Hosiery Company committed an act of bankruptcy in that it did heretofore, to wit, on the 28th day of August, A. D. 1902, upon petition to the Chancellor of the State of Delaware praying for the appointment of receiver for said Wilmington Hosiery Company on the ground of insolvency acknowledge under the oath of its President that said insolvency existed and consented to the appointment of such receiver on the ground of said insolvency, a certified copy of which petition with the answer thereto and the order of the Chancellor thereon is hereunto annexed, and your petitioners pray may be taken as a part of this petition."

The petition or bill in chancery contains the following averment:

"That said respondent corporation has become and is now insolvent and unable to pay its debts, and that it will be for the benefit of the stockholders and creditors of the said corporation, that a receiver be appointed for the purpose of preserving its assets, and properly adjusting its business and liabilities."

It then prays for the appointment of such receiver. The company in its answer admitted the truth of the above averment, and the Chancellor thereupon appointed a receiver as prayed. It is properly conceded by the counsel for the petitioners that the petition in bankruptcy in its present form cannot be sustained unless what is alleged as an act of bankruptcy can be regarded as an admission by the company in writing of its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground. But such a conclusion is wholly inadmissible. While the company admitted in writing its insolvency it did not expressly or by implication admit its willingness to be adjudged a bankrupt. In fact, although admitting the truth

of the averment of insolvency, it did not allege a willingness to have a receiver appointed; but, if its admission of insolvency carried with it implied consent to the appointment of a receiver, the aspect of the case would not be materially different. A written admission of insolvency and consent to have a receiver appointed by the Chancellor cannot be regarded as a written admission of inability to pay debts and willingness to be adjudged bankrupt. No doctrine of equivalency is applicable in this connection. Further, to hold the one equivalent to and of the same effect as the other not only would be unwarranted by the language and meaning of the bankruptcy act, but would be calculated as a precedent to produce uncertainty and confusion in its administration. At the conclusion of the argument the petitioning creditors through their counsel asked leave to amend the petition and stated their readiness to submit their proposed amendment within a few hours. Leave will be granted them to submit within the next twenty-four hours their proposed amendment, and the propriety of its allowance will thereafter be determined. Should such proposed amendment not be submitted within the time mentioned, or should it be disallowed, the petition will be dismissed with costs.